Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
And those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE CHENG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONGRESSWOMAN JACKIE SPEIER, in her official and individual capacities,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff CLYDE CHENG ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against defendant CONGRESSWOMAN JACKIE SPEIER, ("Ms. Speier" or "Rep. Speier" or "Defendant") in her official and individual capacities, to stop her from placing telephone calls that play her prerecorded voice without first obtaining permission, and to obtain redress for all persons injured by her conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

1

## NATURE OF THE ACTION

1. Congresswoman Speier is the elected representative to the United States Congress from California's District 14. Ms. Speier placed calls that played her prerecorded voice inviting people to virtual town hall discussion groups.

2. However, Ms. Speier did not obtain consent or introduce the call with a live person prior to playing her prerecorded voice.

3. Therefore, Defendant is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) and California Public Utilities Codes §§ 2872(b) 2874, and 2876.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically, but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. Congresswoman Speier herself recognizes the importance of strong laws prohibiting robocalls. On April 17, 2019, she Tweeted: "It's clear [that] the Do Not Call Registry has failed to solve the problem of harassing robocalls & Congress can no longer wait for the FCC or telephone companies to take the necessary action. I urge the House & Senate to swiftly take up & pass the ROBOCOP Act."[1]

6. To illustrate the scale of the problem facing the country, it is estimated that there were over 50 billion robocalls placed in 2021. The FTC received 3.4 million robocall complaints in 2021.

7. Accordingly, the TCPA targets unauthorized calls exactly like the ones Defendant made to Plaintiff, based on the use of technological equipment that can automatically call phone numbers and play prerecorded voice messages.

---

[1] https://twitter.com/repspeier/status/1118589624136491008

8. By placing the calls at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Classes.

9. Therefore, Plaintiff seeks an injunction requiring Ms. Speier to cease calling phone numbers without consent and without introducing the calls with a live natural voice, as well as an award of statutory damages to Plaintiff and the members of the Classes, together with costs and reasonable attorneys' fees.

**PARTIES**

10. Plaintiff CLYDE CHENG is a natural person and is a citizen of San Mateo County, California.

11. Defendant Rep. Speier is an individual that resides in San Francisco County or San Mateo county. Ms. Speier is currently serving in elected office as the Representative to the United States Congress from California's 14th Congressional District.

12. Congresswoman's Speier's Congressional office in Washington, D.C. is located at 2465 Rayburn HOB, Washington, DC 20515.

**JURISDICTION AND VENUE**

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has general jurisdiction over Defendant because she resides in San Francisco. This Court also has specific personal jurisdiction over Defendant because Defendant placed the calls at issue to people such as Plaintiff in San Mateo County, California. Therefore, the events giving rise to this lawsuit substantially occurred in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and the wrongful conduct giving rise to this case substantially occurred in this District.

## DIVISIONAL ASSIGNMENT

16. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this case should be assigned to the San Francisco / Oakland Division because a substantial part of the events or omissions that give rise to the claims occurred in Plaintiff's residence in the County of San Mateo, California.

## COMMON FACTUAL ALLEGATIONS

17. Rep. Speier placed calls playing her prerecorded voice to invite people to virtual town halls.

18. Ms. Speier obtained some phone numbers from unknown sources without the subscribers' consent.

19. Ms. Speier called and played her prerecorded voice to Plaintiff and members of the Classes. Ms. Speier included instructions on how to participate in a town hall, but did not include instructions to stop future calls. Plaintiff was unable to remove himself.

20. People that did ask to be removed from Defendant's calling lists continued to be called.

## FACTS SPECIFIC TO PLAINTIFF CLYDE CHENG

21. On November 23, 2020 at 12:06 p.m., Plaintiff received a call on his cellular telephone number ending in 5718. The call was a prerecorded voice that said "Hello, this is Jackie Speier, your Congresswoman. I'm calling first to wish you a blessed Thanksgiving, I know it's been a really tough year for everybody, and secondly, to invite you to participate in my town hall that is going to provide an update on the coronavirus you should expect a phone call to this number on Tuesday, Number 24 at 6 p.m. If you would prefer to participate from a different phone with do so my calling 866-383-2725 at the time of the event. Or, you can stream the event by going to my speier.house.gov/live or to my Facebook page. If you have any questions you can call my office at 650-342-0300. Thank you."

22.     On November 24, 2020, Plaintiff received another call from Defendant at 5:58 p.m. from the phone number (650) 451-0926. The prerecorded voice was again from Ms. Speier inviting Plaintiff to join a town hall.

23.     On July 13, 2021, Plaintiff received another call from Defendant at 3:07 p.m. from the phone number (650) 451-0926. The prerecorded voice said "Hi, this is Jackie Speier, your Congresswoman. I'm calling to invite you to participate in my upcoming telephone town hall to provide you a Congressional update and answer your questions. You should expect a phone call to this number on Wednesday, July 14 at 6:30 p.m. If you prefer to participate from a different phone, you can do so by calling 866-383-2725 at the time of the event or you can stream the event by going to speier.house.gov/live. If you have any questions please call my office at 650-342-0300. Thank you."

24.     On July 14, 2021, Plaintiff received another call from Defendant on his cell phone. When Plaintiff answered, Plaintiff heard Rep. Speier's prerecorded voice. He said "hello" several times, but the message about Rep. Speier's town hall just kept playing. Plaintiff tried to opt out but there were no instructions on how to do so.

25.     Plaintiff never consented to receive calls from Defendant.

26.     Plaintiff reported the unsolicited calls to the undersigned attorney in July 2021.

27.     In July 2021, Plaintiff's attorney wrote a letter to Ms. Speier's office informing Ms. Speier of the violation, requesting Plaintiff be added to Ms. Speier's "do not call" list, and asking how Defendant obtained Plaintiff's phone number or consent in the first place.

28.     On July 27, 2021, Plaintiff's attorney received a response from Ms. Speier's office confirming that Plaintiff would be placed on the "do not call" list, but did not explain how she obtained Plaintiff's phone number.

29.  However, on December 15, 2021, Plaintiff received another unsolicited call on his cell phone with Ms. Speier's prerecorded voice. The call came from the same phone number (650) 451-0926. The call was another prerecorded voice from Ms. Speier, again inviting him to participate in a town hall.

## CLASS ALLEGATIONS

30.  **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and classes ("Classes") defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called (3) on his or her cellular telephone;
>
> **Injunctive Relief Class**. All persons in California who: (1) from the last 4 years to present (2) Defendant called (3) on his or her telephone;

31.  The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant has a controlling interest; (3) Defendant's current or former employees, officers and directors; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (6) Plaintiff's counsel and Defendant's counsel; and (7) the legal representatives, successors, and assigns of any such excluded persons.

32.  **Numerosity**: The exact number of the members in each Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified through Defendant's records.

33.  **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members sustained damages arising out of Defendant's uniform wrongful conduct in the form of unsolicited telephone calls that play a prerecorded voice.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Classes. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so.

35. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes, but are not necessarily limited to the following:

   i. Whether Defendant's conduct violated the TCPA;

   ii. Whether Defendant's conduct violated the TCPA *willingly* and/or *knowingly*

   iii. Whether treble damages should be awarded;

   iv. Whether Defendant obtained consent from Plaintiff and the Classes prior to calling and playing Defendant's prerecorded voice;

     v.     Whether Defendant used an "automatic dialing-announcing device" under Cal. Pub. Util. Code § 2871;

     vi.     Whether the calls were initiated with a live person prior to playing Ms. Speier's prerecorded voice as required by Cal. Pub. Util. Code § 2874;

     vii.     Whether members of the TCPA Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct.

37.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(b)
Telephone Consumer Protection Act
On behalf of Plaintiff and the TCPA Class

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    Defendant placed telephone calls to Plaintiff's and the TCPA Class members' cellular telephones.

40. Defendant played her prerecorded voice to the cellular telephones of Plaintiff and the TCPA Class as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

41. Defendant did not obtain consent prior to calling Plaintiff and the Class and playing her prerecorded voice.

42. Defendant failed to honor Plaintiff's request to be added to her "do not call" list.

43. As a result of her unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer actual damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop her illegal calling campaign.

44. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff requests the court exercise its discretion by increasing damages per violation to $1500 under 47 U.S.C. § 227(b)(3)(C) based on Defendant's willfulness and/or knowingness.

**SECOND CAUSE OF ACTION**
**California Unfair Competition Law – Unlawful Prong**
**Cal. Bus. & Prof. Code § 17200**
**(On Behalf of Plaintiff and the Injunctive Relief Class)**

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein

47. The unlawful prong of California Business and Professions Code § 17200 prohibits any unlawful business practice.

48. Each of Defendant's prerecorded voice calls to cell phones without consent constitute separate and cumulative violations of § 227(b) of the TCPA, and therefore also violate the unlawful prong.

49.     Each of Defendant's prerecorded voice calls to *all California phones* constitute separate and cumulative violations of California Public Utilities Codes §§ 2872(b) 2874, and 2876, and therefore also violate the unlawful prong.

50.     Defendant used a prohibited automatic dialing-announcing device under Cal. Public Utilities Code § 2871.

51.     Defendant played a prerecorded voice without first coming on the line with an unrecorded, natural voice in violation of Cal. Public Utilities Code § 2874.

52.     Defendant's calls to Plaintiff do not meet any of the exemptions listed in § 2872(d)-(f).

53.     Plaintiff and the Injunctive Relief Class members have incurred damages in the form of annoyance, wasted cell phone battery life, and being forced to mail a letter to Ms. Speier to request to be added to her "do not call" list.

54.     Plaintiff and the Injunctive Relief Class have no adequate remedy at law because his reasonable efforts to stop the calls have failed.

55.     Plaintiff and the Injunctive Relief Class seek injunctive relief under Cal. Civ. Code § 17203.

**THIRD CAUSE OF ACTION**
California Unfair Competition Law – Unfair Prong
Cal. Bus. & Prof. Code § 17200
**(On Behalf of Plaintiff and the Injunctive Relief Class)**

56.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57.     The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

58. Defendant's practice of placing prohibited calls without respecting Plaintiff's request to be added to the "do not call" list is a practice that offends an established public policy or that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

59. The utility of Defendant's unsolicited prerecorded voice calls that are prohibited by California's Public Utilities Codes is low, and outweighed by the harm incurred to Plaintiff and Injunctive Relief Class members.

60. Plaintiff and Class members have incurred damages in the form of annoyance, wasted cell phone battery life, and being forced to mail a letter to Ms. Speier's office requesting to be added to her "do not call list."

61. Plaintiff and the Injunctive Relief Class Members have no adequate remedy at law because their reasonable efforts to stop the calls have failed.

62. Plaintiff and the Injunctive Relief Class Members seek injunctive relief under Cal. Civ. Code § 17204.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff CLYDE CHENG, individually and on behalf of the Classes, prays for the following relief:

    A.    An order certifying the Classes as defined above, appointing Plaintiff CLYDE CHENG as representative of the Classes, and appointing Plaintiff's counsel as Counsel for the Classes;

    B.    An injunction under 47 U.S.C. § 227(b)(3)(A) and Cal. Civ. Code § 17203 requiring Defendant cease making phone calls to California phone numbers that play a prerecorded voice without first introducing the call with a live person;

    C.    An award of statutory of $500 per violation under 47 U.S.C. § 227(b)(3)(B);

D. An order finding that Defendant made the violating calls willfully and/or knowingly under 47 U.S.C. § 227(b)(3)(C);

E. An order increasing the damages per violation to $1500 per violation under 47 U.S.C. § 227(b)(3)(C);

F. An award of reasonable attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5;

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 6, 2022

Respectfully submitted,

CLYDE CHENG, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo, CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and those similarly situated