FILED

JUL 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLYDE CHENG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>JACKIE SPEIER, Congresswoman, in her official and individual capacities,<br><br>        Defendant-Appellee. | No.   22-16170<br><br>D.C. No. 3:22-cv-00083-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 11, 2023
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.
Dissent by Judge BRESS.

    Clyde Cheng appeals the district court's dismissal of his putative class action against Congresswoman Jackie Speier seeking monetary damages and injunctive

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

relief under the Telephone Consumer Protection Act (TCPA) for repeated unsolicited telephone calls promoting virtual town hall events.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a dismissal on the basis of sovereign immunity, *Crowe v. Or. State Bar*, 989 F.3d 714, 724 (9th Cir. 2021), and may affirm the district court's judgment on any ground supported by the record, *Sec. Life Ins. Co. of Am. v. Meyling*, 146 F.3d 1184, 1190 (9th Cir. 1998).  We review for abuse of discretion a denial of leave to amend.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573 (9th Cir. 2020).  We affirm.  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

The TCPA does not apply to robocalls made by federal legislators conducting official government business, including organizing tele-town halls.  The TCPA applies in relevant part to "any person within the United States."  47 U.S.C. § 227(b).  The statute defines "person" to include "an individual, partnership, association, joint-stock company, trust, or corporation."  *Id.* § 153(39).  There is a "longstanding interpretive presumption that 'person' does not include the sovereign."  *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000).  And here, there is no "affirmative showing of statutory intent [in the

TCPA] to the contrary." *Id.* at 781. Indeed, the federal government has not waived sovereign immunity under the TCPA, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166 (2016), and the statute's "legislative history lacks any indication that Congress sought to impede [] important government communications, as opposed to telemarketing and other calls by private entities," *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 31 F.C.C. Rcd. 7394, 7401 (2016) ("*Broadnet I*"), *reversed in part on other grounds*, 35 F.C.C. Rcd. 15052 (2020) ("*Broadnet II*").

Moreover, the Federal Communications Commission has reasonably concluded that "the TCPA does not apply to calls made by or on behalf of the federal government in the conduct of official government business." *Id.* at 7394; *see also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984) (instructing that, when Congress has not spoken to an issue and the statutory term at issue is ambiguous, courts should defer to "a reasonable interpretation made by the administrator of an agency"). Specifically, "robocalls to organize tele-town halls, when made by federal legislators or agents acting under authority validly conferred by the federal government, are not subject to the TCPA's robocall consent requirement, as long as the robocalls are conducted in the legislators' official capacity and not, for example, as part of a campaign for re-

election." *Broadnet I*, 31 F.C.C. Rcd. at 7398–99. Here, the district court correctly determined that "constituent communications and town halls are part of Congresswoman Speier's job duties" and the calls were not "made for a private purpose." As a result, the TCPA does not apply to Congresswoman Speier's robocalls, and the district court properly dismissed the suit.

II

The district court did not abuse its discretion in denying leave to amend the complaint. "A district court acts within its discretion to deny leave to amend when amendment would be futile." *Parents for Priv. v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020) (citation omitted). Here, amendment would be futile because Cheng has not offered any new facts that he would add to an amended complaint in order to contest whether Congresswoman Speier's robocalls are subject to the TCPA's requirements.

**AFFIRMED.**

FILED

JUL 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Cheng v. Speier*, No. 22-16170

BRESS, J., dissenting:

This putative class action alleges that while in Congress, former Congresswoman Jackie Speier violated the Telephone Consumer Protection Act (TCPA). The district court concluded that sovereign immunity bars the plaintiff's claims. The majority affirms on the alternative ground that the TCPA does not apply to robocalls made by federal legislators conducting official government business, such as when they communicate with constituents about virtual townhalls.

In my view, we first need to decide the sovereign immunity question. We have held that sovereign immunity is a "threshold jurisdictional issue[]." *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 765–66 (9th Cir. 2018). It is "quasi-jurisdictional," in the sense that it "may be forfeited where the sovereign fails to assert it." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 907 (9th Cir. 2021) (quoting *Pistor v. Garcia*, 791 F.3d 1104, 1110–11 (9th Cir. 2015)). But when a defendant timely and properly invokes sovereign immunity, "we lack subject matter jurisdiction." *Id.* at 908 (citing cases); *see also Donovan v. Vance*, 70 F.4th 1167, 2023 WL 3961129, at *3 (9th Cir. 2023). Thus, we must "at the outset" resolve the sovereign immunity question. *Acres Bonusing*, 17 F.4th at 908.

1

The plaintiff has now abandoned any claim against Congresswoman Speier in her official capacity, to which sovereign immunity would have applied. *See Lewis v. Clarke*, 581 U.S. 155, 162–63 (2017); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166 (2016) ("The United States and its agencies, it is undisputed, are not subject to the TCPA's prohibitions because no statute lifts their immunity.") But the plaintiff has also sued Congresswoman Speier in her individual capacity. This analysis is different.

Sovereign immunity does not bar suits seeking to impose individual liability on government officials. *Lewis*, 581 U.S. at 162–63; *Magassa v. Mayorkas*, 52 F.4th 1156, 1162 (9th Cir. 2022); *Acres Bonusing*, 17 F.4th at 908. "'Officers sued in their personal capacity come to court as individuals,' and the real party in interest is the individual, not the sovereign." *Lewis*, 581 U.S. at 162–63 (quoting *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (brackets omitted)). The question, then, is whether the plaintiff's suit is properly characterized as an individual capacity suit, or one that is really against the sovereign.

In deciding whether the sovereign is the real party in interest, "[t]he critical question is 'whether the *remedy sought* is truly against the sovereign.'" *Acres Bonusing*, 17 F.4th at 908 (quoting *Lewis*, 581 U.S. at 162)). Importantly, this does not mean that sovereign immunity applies whenever government officials "are sued for actions taken in the course of their official duties." *Id.* at 910

2

(quoting *Pistor v. Garcia*, 791 F.3d at 1112). Again, the "[t]he critical inquiry is who may be *legally bound* by the court's adverse judgment." *Id.* at 909 (quoting *Lewis*, 581 U.S. at 165).

By these standards, the plaintiff's lawsuit against former Congresswoman Speier is an individual capacity suit to which sovereign immunity does not apply. The plaintiff is alleging that Congresswoman Speier committed tort-like wrongdoing in the form of unwanted robocalls. The plaintiff does not seek a money judgment against the United States or Congress, but from Speier herself. And since Speier is no longer a Member of Congress, there is no risk that any injunction against Speier in her personal capacity would run against the sovereign. Indeed, the plaintiff concedes that his request for injunctive relief is now moot due to Congresswoman Speier's retirement from Congress. Even if monetary liability against Speier might influence how Congress or its Members choose to do constituent outreach, what matters for sovereign immunity purposes is that any "judgment will not operate" against the government. *Lewis*, 581 U.S. at 163. The district court therefore erred in dismissing the plaintiff's TCPA claim against Speier in her individual capacity.

I would limit our decision to this issue and remand to the district court for further proceedings, including its consideration in the first instance of any other bases for dismissal that Speier might raise. That would include whether the TCPA

3

extends to members of Congress in the circumstances alleged, as well as any personal immunity or other defenses that Speier would offer.